$150.00

LDD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND RANDALL<br>**Plaintiff**<br>vs.<br>THE CITY OF PHILADELPHIA,<br>PHILADELPHIA POLICE OFFICER REYNOLDS,<br>BADGE NUMBER 4268; PHILADELPHIA POLICE<br>OFFICER LICIARDELLO, BADGE NUMBER 4383;<br>PHILADELPHIA POLICE OFFICER CUJDIK,<br>BADGE NUMBER 1574; PHILADELPHIA POLICE<br>OFFICER MCGEE, BADGE NUMBER 4504,<br>PHILADELPHIA POLICE OFFICER MCCUE,<br>BADGE NUMBER 6628, individually and as police<br>officers for the City of Philadelphia<br>**Defendants** | **JURY TRIAL<br>DEMAND**<br><br>C.A.#04- CV-4163 |

FILED SEP -2 2004

**COMPLAINT**

**I. JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §§ 1331, 1332 and 1343(1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**II. PARTIES**

2. Plaintiff, Raymond Randall is an adult male who was at all times relevant to this Complaint, a resident of Pennsylvania.

3. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer

of all Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

4. Defendant Police Officer Reynolds, Badge number 4268, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

5. Defendant Police Officer Cujdik, Badge number 1574, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Police Officer Liciardello, Badge number 4383, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

a. Defendant Police Officer McCue, Badge number 6628, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

8. Defendant Police Officer McGee, Badge number 4504, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

## III. FACTS

9. On September 16, 2003 Defendants claim that they received information from a confidential source that narcotics were being stored at 769 A North Preston Street, Philadelphia, Pennsylvania.

10. As a result of this information Defendant Cujdik obtained a search warrant for 769 A North Preston Street.

11. On September 25, 2003, Defendants executed search warrant #110499 at 769A North Preston Street.

12. No narcotics or other contraband were confiscated.

13. Defendants then executed a search warrant at another location at 606 N. Union Street, Philadelphia, Pennsylvania.

14. Defendants searched that location and recovered no narcotics or other contraband. Defendants did however confiscate narcotics in a vacant lot that had no relation to 769A North Preston Street or 606 N. Union Street.

15. Defendants however arrested Plaintiff who was visiting the neighborhood and was outside in the area of 606 N. Union Street. Plaintiff was never near the vacant lot.

16. Defendants McCue and McGee confiscated five (5) small packets of marijuana. Defendants thereafter provided information to the authorities which placed the possession of the recovered narcotics in the vacant lot on Plaintiff.

17. As a result of his arrest, Plaintiff was charged with narcotic related crimes of: CS13A30-Controlled Substance Act (Manufacture, Delivery); CS13A16-Controlled

Substance Act (Knowingly and Intentional), CS13A31-Controlled Substance Act (Marijuana For Personal Use) and CC09030-Criminal Conspiracy. These charges reflected Plaintiff's involvement with the narcotics confiscated from the vacant lot.

17. Defendants made a high bail request and bail was set at $25,000.00.

18. As a result of his arrest Plaintiff was incarcerated.

19. On July 20, 2004 the Court dismissed all criminal charges against Plaintiff.

20. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort in conducting an illegal search, unlawfully arresting Plaintiff, imprisoning him and maliciously prosecuting Mr. Randall and otherwise depriving Plaintiff of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

21. At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made. At no time did Plaintiff commit any illegal acts or engage in any conduct, which in any way justified the actions of all Defendant police officers.

22. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer damage to his personal and business reputation.

24. As a direct and proximate result of the Defendants' actions, Plaintiff was arrested, incarcerated and maliciously prosecuted without just or probable cause.

25. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

26. The acts of Defendants Reynolds, Liciardello, Cujdik, McGee and McCue were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

27. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

28. The individual Defendants conspired to deprive Plaintiff his constitutional rights.

29. Defendants Reynolds, Liciardello, Cujdik, McGee and McCue made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the Courts and to due process.

30. Defendants Reynolds, Liciardello, Cujdik, McGee and McCue engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to unreasonable search and seizure, depriving Plaintiff of property and liberty without due process of law, unlawfully arresting him, and attempting to deprive Plaintiff access to the Courts and to due process.

31. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, loss of

liberty, confinement, severe emotional trauma, and the loss of the enjoyment of life, all to his great detriment and loss.

32. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, Plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to his great financial detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

33. The allegations set forth in paragraphs 1-32 inclusive, are incorporated herein as if fully set forth.

34. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, to be secure in one's person and property, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

35. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

36. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a. Abuse of police powers, including false arrest, improper identification of suspects, improper use of "confidential information", harassment and improper searches;

    b. Psychologically or emotionally unfit persons serving as police officers; and

    c. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

37. Defendant, City of Philadelphia was deliberately indifferent to the need to:

    a. Test its officers for emotional and psychological fitness to serve as police officers;

    b. Monitor officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as police officers;

    c. Train its police officers in the appropriate exercise of police powers;

    d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to officers using their status as police officers to have persons falsely arrested, maliciously prosecuted, or to achieve ends not reasonably related to their police duties; and

    e. Failure to properly train, supervise and discipline officer officers with regard to such police practices.

38. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Exercise of police powers;

    b. Police officers with emotional or psychological problems;

    c. Police officers use of their status as police officers to have persons falsely arrested, or to achieve ends not reasonably related to their police duties; and

    d. False arrest, evidence planting, use of warrants for an improper cause, illegal use of informants and malicious prosecution of citizens.

39. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to violate the rights of citizens such as Plaintiff.

40. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including Defendant police officers in this case, to believe that they can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

41. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, unlawful searches, malicious prosecution and from false arrest and to due process of law.

42. Defendants, City of Philadelphia and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

43. By these actions, all Defendants have deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

44. Plaintiff hereby re-alleges paragraph 1-43 of this complaint, as though fully set forth herein.

45. The acts and conduct of all Defendants alleged in the above stated cause of action constitute false arrest, false imprisonment and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate said claims.

## PUNITIVE DAMAGES

46. Plaintiff re-alleges paragraphs 1-45 of this complaint as though fully set forth herein.

47. The conduct of the individual Defendants were outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

48. As a result of the acts of the individual Defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

### JURY DEMAND

49. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 9/2/04

*Michael Pileggi*
MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
(215) 627-8516

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND RANDALL<br>      **Plaintiff**<br>      **vs.**<br>THE CITY OF PHILADELPHIA,<br>PHILADELPHIA POLICE OFFICER REYNOLDS,<br>BADGE NUMBER 4268; PHILADELPHIA POLICE<br>OFFICER LICIARDELLO, BADGE NUMBER 4383;<br>PHILADELPHIA POLICE OFFICER CUJDIK,<br>BADGE NUMBER 1574; PHILADELPHIA POLICE<br>OFFICER MCGEE, BADGE NUMBER 4504,<br>PHILADELPHIA POLICE OFFICER MCCUE,<br>BADGE NUMBER 6628, individually and as police<br>officers for the City of Philadelphia<br>      **Defendants** | JURY TRIAL<br>DEMAND<br><br>C.A.#04- |

## CERTIFICATION OF SERVICE

Michael Pileggi, Esquire, counsel for the Plaintiff in the above matter, hereby certifies that he served a copy of Plaintiff's Complaint in the above matter, upon the following parties, by letter dated September 2, 2004, mailed by first class, postage prepaid, to the following address:

Lee Holliday, Claims Coordinator
One Parkway, 1515 Arch Street
15th Floor
Philadelphia, PA 19102-1595

*Michael Pileggi*
Michael Pileggi, Esquire
303 Chestnut Street
Philadelphia, PA 19106
215-627-8516
Counsel for Plaintiff

JS 44
Rev. 12/96)

# CIVIL COVER SHEET

04cv4163

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
RAYMOND RANDALL

**DEFENDANTS**
CITY OF PHILADELPHIA, et.al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
MICHAEL PILEGGI
303 CHESTNUT STREET
PHILADELPHIA, PA 19106

**ATTORNEYS (IF KNOWN)**

**BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X]1 | [X]1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / **PERSONAL PROPERTY** | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | **HABEAS CORPUS:** | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | **FEDERAL TAX SUITS** | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 440 Other Civil Rights | 540 Mandamus & Other | 870 Taxes (U.S. Plaintiff or Defendant) | 890 Other Statutory Actions |
| 290 All Other Real Property | | 550 Civil Rights | 871 IRS Third Party 26 USC 7609 | |
| | | 555 Prison Condition | | |

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983; POLICE MISCONDUCT

**REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] YES  ☐ NO

**RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/2/04
SIGNATURE OF ATTORNEY OF RECORD
Michael Pileggi

SEP 02 2004

**OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

04cv4163

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3845 Mt. Vernon Street Philadelphia, PA 19104

Address of Defendant: 1515 Arch Street Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 600 N. Union Street Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☒ Civil Rights
8. ☒ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

SEP 0 2 2004

DATE: _____   _____   _____
                    Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/2/04    Michael Pleggi    61558
                Attorney-at-Law    Attorney I.D.#

CIV. 609 (4/03)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RAYMOND RANDALL : CIVIL ACTION

v. :

CITY OF PHILADELPHIA, : NO. 04cv4163
et. al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

9/2/04            Michael Pileggi            PLAINTIFF
Date              Attorney-at-law            Attorney for

215-627-8516      215-627-5105              PIL423@AOL.COM
Telephone         FAX Number                E-Mail Address

SEP 02 2004

(Civ. 660) 10/02